IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEENA ENFINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:16-CV-532-WKW |
| | ) |
| JASON SMOKE, et al., | ) |
| | ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Deena Enfinger ("Enfinger"), an indigent county inmate. In the instant complaint, Enfinger challenges the constitutionality of actions and conditions to which she was subjected during a prior stint of incarceration at the Houston County Jail. The order of procedure entered in this case instructed Enfinger to immediately inform the court of any change of address. Doc. 4 at 6.

The court recently issued an order, a copy of which the Clerk mailed to Enfinger. The postal service returned this order because Enfinger no longer resides at the address she last provided to the court. In light of the foregoing, the court entered an order requiring that on or before October 7, 2016 Enfinger inform the court of her current address. Doc. 20. This order specifically advised Enfinger that her case could not proceed if her whereabouts remained unknown and cautioned her that her failure to comply with the directives set forth in the order would result in the undersigned recommending dismissal of this case. Doc. 20. As of the present date, the court has received no response from Enfinger to the aforementioned order nor has she

1

provided the court with her current address in compliance with the directives set forth in the order of procedure.

Enfinger has failed to comply with the directives of the orders entered by this court. In addition, this case cannot proceed properly in her absence. The court can only assume that Enfinger is no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and her failure to properly prosecute this action.

The parties may file objections to the Recommendation on or before **October 26, 2016**. The objecting party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. The parties are advised that frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 12th day of October, 2016.

                          /s/ Gray M. Borden
                          UNITED STATES MAGISTRATE JUDGE